**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ABDULBASIT ABDULLAH,

               Plaintiff - Appellant,

   v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

             Defendant - Appellee.

No. 14-16068

D.C. No. 2:13-cv-01811-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted May 9, 2016[**]
San Francisco, California

Before: KLEINFELD, IKUTA, and WATFORD, Circuit Judges.

Abdulbasit Abdullah appeals from the district court's order remanding for

further proceedings the final decision of the Commissioner of Social Security. We

have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's decision to remand for further proceedings instead of remanding for an award of benefits. Harman v. Apfel, 211 F.3d 1172, 1173, 1176–78 (9th Cir. 2000). We affirm the order of the district court.

A district court may "reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," Treichler v. Comm'r, Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)), but "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Id. (quoting Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." Id. at 1101.

The district court reasonably concluded that, because the record was not fully developed, remand for an award of benefits would have been inappropriate. Id. Abdullah submitted additional records from a treating doctor and an examining doctor that "could change the outcome of the case," if the doctors' opinions and Abdullah's own symptom testimony were accepted as true, and a vocational expert supported his claim. The new evidence submitted by Abdullah raises questions

2

about the extent of Abdullah's mental impairments, the limitations posed by his myasthenia gravis, and his ability to perform work in the national economy. The Commissioner might also reject his claim despite the new evidence. Accordingly, the district court did not abuse its discretion by remanding for further proceedings. See id. at 1105 (conflicts and ambiguities in the record concerning the extent of the claimant's impairment are "exactly the sort of issues that should be remanded to the agency for further proceedings").

**AFFIRMED**.